**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3643
_____

IN RE:  DELGARDO SCOTT,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2-02-cr-00073-011)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 25, 2014
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, Circuit Judges

(Opinion filed: January 6, 2015)
_____

OPINION*
_____

PER CURIAM

Petitioner Delgardo Scott is a former federal inmate.  He initiated this mandamus

action by submitting to this Court a "Petition To Dismiss," noting that he had filed in his

criminal case another Petition To Dismiss that had gone unanswered by the District

Court.  Scott since has filed a "Petition For Writ Of Mandamus By Affidavit," again

noting the District Court's failure to rule on his petition to dismiss and requesting us to

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

compel a ruling. In addition, Scott has filed another Petition For Writ Of Mandamus By Affidavit, this time asking us to direct the District Court to respond to his filing of an Application For Payment Of Unclaimed Funds, and to compel the return of the $5,000.00 cash bond that he posted in his criminal case in April 2002.

Concerning Scott's mandamus requests relating to the Petition To Dismiss filed in his criminal case, the record reflects that the District Court denied that petition on August 22, 2014. Those requests are moot in light of the District Court's ruling. See County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001). Because the District Court has adjudicated Scott's petition, we will deny the petition for a writ of mandamus to the extent that Scott seeks our intervention. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). To the extent that Scott may be objecting to the District Court's ruling on his petition to dismiss, it is not appropriate for us to issue relief via mandamus in lieu of an appeal. See, e.g., In re Baldwin, 700 F.3d 122, 127 (3d Cir. 2012); In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003).

As for Scott's request concerning his Application For Payment Of Unclaimed Funds in his criminal case, Scott acknowledges in his petition to this Court that the application was returned to him as undeliverable as addressed, and he furnishes a copy of the returned mailing envelope that he had addressed to the attention of the District Court "Finance Office." Indeed, the docket entries for his criminal case do not reflect that Scott's application was ever received or filed, and Scott does not allege that he made any attempt to rectify his errant mailing or otherwise notify the District Court of his

2

application. Because Scott has failed to show that he has no other adequate means of obtaining the relief he seeks, and that he has a "clear and indisputable" right to issuance of the writ, we decline to mandamus relief on this request. See Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citing Kerr v. United States District Court, 426 U.S. 394, 403 (1976)).

Based on the foregoing, we will deny Scott's petition for a writ of mandamus.